IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAAZIM ABDUL 'UMAR | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-0735-K |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Kaazim Abdul 'Umar, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice.

I.

On March 22, 2010, petitioner filed an application for writ of habeas corpus challenging his convictions for voluntary manslaughter and aggravated assault of a police officer.[1] However, petitioner did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. By order dated April 19, 2010, the court notified petitioner of this deficiency and warned that the case would be dismissed unless he either paid the filing fee or filed a motion to proceed *in forma pauperis* within 20 days. *See* Order, 4/19/10. No action was taken in response to that order. On May 20, 2010, the court gave petitioner another 20 days to either pay the filing fee or seek leave to proceed *in forma*

---

[1] Petitioner filed this action in the Austin Division of the Western District of Texas. The case was transferred to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 2241(d). *'Umar v. Thaler*, No. A-10-CA-194-SS (W.D. Tex. Apr. 14, 2010).

*pauperis*, and reminded him that the failure to do so "may result in the imposition of sanctions, including dismissal of this action for want of prosecution." *See* Order, 5/20/10. That order also was ignored. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Petitioner has not paid the statutory filing fee or sought leave to proceed *in forma pauperis*. Until he does so, this litigation cannot proceed. Petitioner was twice notified of this deficiency and warned that the failure to either pay the filing fee or file a motion to proceed *in forma pauperis* would result in the dismissal of his case. Both orders have been ignored. Under these circumstances, dismissal is clearly warranted. *See Blair v. Quarterman*, No. 3-06-CV-2388-N, 2007 WL 867238 at *1 (N.D. Tex. Mar. 22, 2007) (dismissing habeas proceeding without prejudice after petitioner failed to comply with two court orders requiring him to either pay the statutory filing fee

or seek leave to proceed *in forma pauperis*); *Lattimer v. Dretke*, No. 3-05-CV-2370-M, 2006 WL 385126 at * 1 (N.D. Tex. Jan. 25, 2006) (same).

## **RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 14, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE