IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAAZIM ABDUL 'UMAR | § | |
| Petitioner, | § | |
| VS. | § | NO. 3-10-CV-0735-K |
| RICK THALER, Director Texas Department of Criminal Justice, Correctional Institutions Division | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Kaazim Abdul 'Umar a/k/a Wesley Lynn Pittman, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

In 1986, petitioner was convicted of attempted capital murder of a police officer and voluntary manslaughter. Punishment was assessed at life imprisonment and 75 years confinement, respectively. Since his incarceration, petitioner has twice been denied parole. At issue in this proceeding is the most recent parole decision, issued on May 18, 2009, denying early release to petitioner because: (1) he committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; (2) the underlying offense had elements of brutality or violence such that petitioner poses an undue threat to the public; or (3) the underlying offense involved the use of a weapon. (*See* Pet. Mem. Br., Exh. 4). Petitioner challenged the parole decision in two applications for state post-conviction relief. Both applications were denied without

written order. *Ex parte Pittman*, WR-16,777-11 (Tex. Crim. App. Nov. 18, 2009); *Ex parte Pittman*, WR-16,777-13 (Tex. Crim. App. Apr. 28, 2010). Petitioner then filed this action in federal district court.[1]

II.

In his sole ground for relief, petitioner contends that the retroactive application of Tex. Gov't Code Ann. § 508.046, the statute requiring two-thirds of the parole board to vote in favor of releasing inmates who have been convicted of specified felonies, is unconstitutional.

A.

A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996) (no constitutional right to early release on parole). However, retroactive changes in state parole laws may, in some instances, have *ex post facto* implications. *See Garner v. Jones*, 529 U.S. 244, 250, 120 S.Ct. 1362, 1367, 146 L.Ed.2d 236 (2000). In the parole context, a change in the law violates the *ex post facto* clause of the United States Constitution if it "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Wood v. Quarterman*, No. 3-08-CV-2283-N, 2009 WL 2015109 at *1 (N.D. Tex. Jul. 10, 2009), *COA granted*, No. 09-10743 (5th Cir. Feb. 9, 2010), *quoting Chambers v. Dretke*, No. H-05-2238, 2005 WL 2045460 at *1 (S.D. Tex. Aug. 24, 2005); *see also Yarbrough v. Thaler*, No. 3-09-CV-1385-D, 2010 WL 963280 at *1 (N.D. Tex. Feb. 26, 2010), *rec. adopted*, 2010 WL 963229 (N.D. Tex. Mar. 15, 2010), *appeal filed*, Mar. 31, 2010 (5th Cir.) (No. 10-10353).

---

[1] Petitioner filed this action in the Austin Division of the Western District of Texas. The case was transferred to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 2241(d). *'Umar v. Thaler*, No. A-10-CA-194-SS (W.D. Tex. Mar. 31, 2010).

B.

Under the law in effect at the time the underlying offense was committed, the Texas parole board acted in panels of three, with two votes required to grant parole. In 1997, the law changed to require at least two-thirds of the entire parole board, which now consists of seven members, to vote in favor of releasing prisoners who, like petitioner, have been convicted of specified felonies. *See Kyles v. Quarterman*, 291 Fed.Appx. 612, 613, 2008 WL 4111405 at *1 (5th Cir. Aug. 27, 2008), *cert. denied*, 129 S.Ct. 1011 (2009), *citing Wallace v. Quarterman*, 516 F.3d 351, 353 (5th Cir. 2008) (discussing changes in Texas parole laws). The 2007 version of the law, which governed the action of the parole board in this case, provides:

> To release on parole an inmate who was convicted of an offense under Section 21.02, 21.11(a)(1), or 22.021, Penal Code, or who is required under Section 508.145(c) to serve 35 calendar years before becoming eligible for release on parole, all members of the board must vote on the release on parole of the inmate, and at least two-thirds of the members must vote in favor of the release on parole. A member of the board may not vote on the release unless the member first receives a copy of a written report from the department on the probability that the inmate would commit an offense after being released on parole.

TEX. GOV'T CODE ANN. § 508.046 (Vernon 2007). The Fifth Circuit has held that the retroactive application of section 508.046 does not facially violate the *ex post facto* clause. *See Wallace*, 516 F.3d at 354-56. However, this change in the parole procedure may have *ex post facto* implications if the prisoner can show that the retroactive application of the statute creates a sufficient risk of increased confinement. *See Kyles*, 2008 WL 4111405 at *1, *citing Wallace*, 516 F.3d at 356. This, in turn, requires proof that the "retroactive application will result in a longer period of incarceration than under the earlier rule." *Wallace*, 516 F.3d at 356, *quoting Garner*, 120 S.Ct. at 1370.

Here, petitioner does not allege, much less prove, that he would have received at least two votes in favor of release, regardless of the size of the parole panel. Instead, he appears to argue that

the makeup of the panel alone gives rise to an *ex post facto* violation. That argument was rejected by the Fifth Circuit in *Wallace*. Without evidence to suggest that the 2009 parole decision would have been different under the prior law, petitioner cannot show that his continued confinement is a result of the retroactive application of section 508.046. *See Goodwin v. Dretke*, 150 Fed.Appx. 295, 300, 2005 WL 2404791 at *4 (5th Cir. Sept. 29, 2005) (rejecting *ex post facto* challenge to Texas parole procedure requiring super majority vote of entire parole board because prisoner failed to prove that results would have been different under the prior law); *Yarbrough*, 2010 WL 963280 at *2.[2]

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

---

[2] To the extent petitioner complains of the retroactive application of a new law that allows the parole board to set off a review date for up to five years, that claim is also without merit. SB 917, which is codified at Tex. Gov't Code Ann. § 508.141(g) and Tex. Admin. Code § 145.12, does not negatively affect petitioner's *eligibility* for parole review. Rather, the new law "merely changes the rules governing the timing of subsequent parole reviews." *Chambers*, 2005 WL 2045460 at *2; *see also Anders v. Thaler*, No. 3-08-CV-0648-M, 2010 WL 637795 at *2-3 (N.D. Tex. Feb. 23, 2010), *appeal filed*, Mar. 26, 2010 (5th Cir.) (No. 10-10287); *Wood*, 2009 WL 2015109 at *2; *Webb v. Quarterman*, No. 3-06-CV-2259-D, 2007 WL 4166159 at *2 (N.D. Tex. Sept. 13, 2007), *rec. adopted*, 2007 WL 4165716 (N.D. Tex. Nov. 21, 2007), *COA denied*, No. 07-11241 (5th Cir. May 29, 2008); *Mondy v. Quarterman*, No. 3-06-CV-2314-P, 2007 WL 30263 at *2 (N.D. Tex. Jan. 4, 2007), *COA denied*, No. 07-10189 (5th Cir. Jul. 19, 2007). This change in policy "creates only the most speculative and attenuated risk of increasing the measure of . . . punishment." *Olstad v. Collier*, 326 Fed.Appx. 261, 264, 2009 WL 1116284 at *2 (5th Cir. Apr. 27, 2009), *citing Garner*, 120 S.Ct. at 1369-70; *see also Morris v. Aycock*, 350 Fed.Appx. 894, 897, 2009 WL 3416243 at *2 (5th Cir. Oct. 23, 2009) (noting that ability of parole board to impose a longer period between reviews does not necessarily mean that prisoner will be incarcerated for a longer period). As a result, there is no *ex post facto* violation.

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 21, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE